PAUL HASTINGS LLP
ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
BLAKE R. BERTAGNA (SB# 273069)
blakebertagna@paulhastings.com
CAITLIN H. FALK (SB# 324197)
caitlinfalk@paulhastings.com
1920 Main Street, Suite 400
Irvine, California 92614
Telephone: (714) 668-6200
Facsimile:  (714) 979-1921

Attorneys for Defendants
WALT DISNEY PARKS AND RESORTS
U.S., INC. and DISNEY WORLDWIDE
SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO CISNEROS REA, as an Individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WALT DISNEY PARKS AND RESORTS US, INC., A Florida Corporation; DISNEY WORLDWIDE SERVICES INC., a Florida Corporation; and DOES 1 through 250,<br><br>　　　　　Defendants. | Case No. 8:25-cv-00150<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1331,1441, 1446, AND 1453 BY DEFENDANTS WALT DISNEY PARKS AND RESORTS U.S., INC. AND DISNEY WORLDWIDE SERVICES, INC.** |

NOTICE OF REMOVAL OF CIVIL ACTION

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO PLAINTIFF ISIDRO CISNEROS REA, AND TO PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendant Walt Disney Parks and Resorts U.S., Inc. ("WDPR") and defendant Disney Worldwide Services, Inc. ("DWS"), (collectively, "Defendants"), hereby remove this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California. Defendants remove this action pursuant to 28 U.S.C. §§ 1331, 1441(a) and (c), 1446 (a), (b), and (d), and 1453(b) for the following reasons:

**Pleadings, Process, and Orders**

1. On October 2, 2024, plaintiff Isidro Cisneros Rea ("Plaintiff"), a current non-exempt employee who works as an Assistant Maintenance Engineer at Disneyland Resort in Anaheim, California, including at the Disneyland Hotel, filed an unverified proposed class and representative action complaint in the Superior Court of the State of California for the County of Orange ("State Court"), entitled: "*ISIDRO CISNEROS REA, as an individual, Plaintiff v. WALT DISNEY PARKS AND RESORTS US, INC., a Florida Corporation; DISNEY WORLDWIDE SERVICES INC., a Florida Corporation; and DOES 1 through 250, Defendants*," designated as Case No. 30-2024-01430820-CU-OE-NJC (the "Complaint"). The original Complaint pled the following eight purported causes of action against Defendants for: (1) Violation of California Labor Code §§ 1182.12, 1194, 1194.2, 1197, and Wage Order No. 4-2001 § 9(B) (Failure to Pay Required Double Minimum Wage); (2) Violation of California Labor Code §§ 226.7; IWC Wage Order No. 4 and 5 (Meal and Rest Breaks); (3) Violation of California Labor Code

- 1 -                    NOTICE OF REMOVAL OF CIVIL ACTION

§ 510, 1194 & 1198 (Unpaid Overtime); (4) Violation of California Labor Code § 226 (Inaccurate Wage Statements); (5) Violation of California Labor Code §§ 204, 218.5, and 218.6 (Waiting Time Penalties); (6) Violation of California Business and Professions Code §§ 17200, *et seq*. ("UCL"); (7) Breach of Contract; and (8) Breach of Covenant of Good Faith and Fair Dealing.  A true and correct copy of the Summons and Complaint, and notice of service of process, are attached hereto as Exhibit "A."

2.    On October 16, 2024, the Summons and Complaint were served on Defendants.  *See id*.

3.    On November 15, 2024, Defendants filed a demurrer to the original Complaint.  A true and correct copy of Defendants' demurrer and supporting memorandum of points and authorities are attached hereto as Exhibit "B."

4.    On December 26, 2024, in lieu of filing an opposition to Defendants' demurrer to the original Complaint, Plaintiff filed a First Amended Complaint ("FAC"), pleading the following three causes of action: (1) Violation of Labor Code § 2802 (Failure to Reimburse Expenses); (2) Violation of California Business & Professions Code §§ 17200, *et seq*.; and (3) Retaliation in Violation of Labor Code §§ 98.6 and 1102.5.  A true and correct copy of the FAC is attached hereto as Exhibit "C."  Plaintiff served the FAC on Defendants on December 26, 2024.  *See id*.

5.    On January 24, 2025, Defendants filed their Answers to the First Amended Complaint.  A true and correct copy of the Answers are attached hereto as Exhibit "D" and Exhibit "E."

- 2 -    NOTICE OF REMOVAL OF CIVIL ACTION

6.     All pleadings, process, or orders received by or filed by Defendants in this case are attached hereto.  Defendants have received no other process, pleadings, or orders.

## **Timeliness of Removal**

7.     Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S. Code § 1446(b)(1).  However, if a case stated by the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an ***amended pleading***, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3) (emphasis added).

8.     Plaintiff's FAC is the first document alleging a cause of action for the alleged failure to reimburse necessary business expenses.  *See* Declaration of Blake R. Bertagna ("Bertagna Decl.") ¶ 6.  This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. section 1446(b), because it is filed within 30 days after Defendants received a copy of an amended pleading from which it was first ascertained that the case had become removable.

## **Federal Question Jurisdiction -- Labor Management Relations Act, Section 301 (29 U.S.C. § 185 *et seq.*)**

NOTICE OF REMOVAL OF CIVIL ACTION

9.     A state court action may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1331.

10.     Under Section 301 of the Labor Management Relations Act ("LMRA" or "Section 301"), the district courts of the United States have original jurisdiction over any action brought for "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . without respect to the amount in controversy or without regard to the citizenship of the parties."  29 U.S.C. § 185(a).

11.     To ensure the uniform interpretation of collective bargaining agreements, federal common law preempts the use of state contract law in interpretation and enforcement of collective bargaining agreements.  *See Lingle v. Norge Div. of Magic Chef Inc*., 486 U.S. 399, 411 (1988).  As a result, all state-law claims raised by a union-represented employee that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301.  *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985) ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, . . . or dismissed as pre-empted by federal labor-contract law.") (citations omitted); *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988) (concluding "[t]he preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement, . . . any state claim whose outcome depends on analysis of the terms of the agreement.") (citations omitted).

NOTICE OF REMOVAL OF CIVIL ACTION

12.     Accordingly, Section 301 has been held to preempt California state-law claims that are substantially dependent upon interpretation of a collective bargaining agreement.  *See Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1066-67 (9th Cir. 2000).  Section 301 provides that this is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state-law causes of action.  *See Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 768 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled . . . to wages at the level set by the CBA.").  "Thus, any suit 'alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law. . .  A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151-52 (9th Cir. 2019 (citations omitted).  *Franco v. E-3 Sys.*, No. 19-CV-01453-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019) (extending federal question jurisdiction to plaintiff's California PAGA claim); *Landy v. Pettigrew Crewing, Inc.*, No. 219CV07474RGKAFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (finding LMRA preemption regarding plaintiff's California Labor Code section 204 claim and exercising supplemental jurisdiction over plaintiff's other wage and hour claims because they arose from a common nucleus of facts).

**A.     The Terms And Conditions Of Plaintiff's Employment Were Governed By A Collective Bargaining Agreement.**

13.     Plaintiff has been employed by WDPR as an Assistant Maintenance Engineer since May 2019.  *See* FAC ¶ 9; Declaration of Christie Sutherland ("Sutherland Decl.") ¶ 3.

14.     At all times relevant to this action, WDPR was and is an employer employing employees in an industry affecting commerce, as defined by the LMRA, 29 U.S.C. § 141, *et seq.  See* FAC ¶ 5; Sutherland Decl. ¶ 2.

- 5 -                    NOTICE OF REMOVAL OF CIVIL ACTION

15.     At all times relevant to this action during which Plaintiff has been employed by WDPR, he has been represented by International Union of Operating Engineers Local 501 (the "Union"), and his employment has been governed by the terms of the CBA.  *See* Sutherland Decl. ¶¶ 4-5.  The Union is a labor organization representing employees in an industry affecting commerce as defined in the LMRA, 29 U.S.C. § 141, *et seq*.  A true and correct copy of the CBA that currently governs the terms and conditions of Plaintiff's employment with WDPR, and those of the other employees he seeks to represent, is attached as Exhibit "1" to the Declaration of Christie Sutherland.

16.     The CBA states that the Union is the sole bargaining agent for the covered employees for the purposes of collective bargaining regarding their wages, hours of employment, and working conditions.  *See* Sutherland Decl. ¶ 4, Ex. 1 at p. 1.

**B.     <u>Plaintiff's First Cause Of Action For Failure To Reimburse Necessary Business Expenses Is Preempted By The LMRA Because It Exists As A Result Of The CBA And Is Substantially Dependent Upon Interpretation Of The CBA.</u>**

17.     Plaintiff fails to disclose in his FAC that he is a member of, and is represented in his employment with WDPR by, the Union, and that the terms and conditions of his employment with WDPR is governed by the CBA.  However, a plaintiff may not be permitted to "artfully plead" to conceal the true nature of his complaint.  *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state-law claim was preempted even though the operative complaint made no mention of a collective bargaining agreement).  Thus, the fact that Plaintiff has not made specific reference to Section 301 or the CBA in the TAC does not preclude removal.  *See Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048 (9th Cir. 1987) ("Stallcop's complaint does not reveal that her

- 6 -                     NOTICE OF REMOVAL OF CIVIL ACTION

employment is governed by a collective bargaining agreement, but this is not dispositive . . . . [I]f the complaint actually raises a section 301 claim on the collective bargaining agreement, even though it is framed under state law, the claim is preempted.").  The Court may properly look beyond the face of the operative pleading to determine whether the claims asserted are in fact preempted by Section 301.  *See Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003).

18.     An artfully pled state-law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court.  *See Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984) ("[E]mployees frequently attempt to avoid federal law by basing their complaint on state law, disclaiming any reliance on the provisions of the collective bargaining agreement . . . .  In such cases the 'artful pleading' doctrine requires that the state law complaint be recharacterized as one arising under the collective bargaining agreement.  The case may then be removed to federal court and adjudicated under the appropriate federal law.").

19.     To determine whether a claim alleging violations of state law is preempted by Section 301, the Ninth Circuit employs a two-step test.  *Curtis*, 913 F.3d at 1152.  First, the Court must ask "whether the asserted cause of action involves a 'right [that] exists solely as a result of the CBA.'"  *Id*.  Under this test, a claim is preempted if it seeks "purely to vindicate a right or duty created by the CBA itself."  *Id*. (internal quotation marks omitted).  If so, "the claim is preempted, and [the] analysis ends there."  *Id*. at 1153 (internal quotation marks omitted).  If not, courts consider "whether a plaintiff's state-law right is substantially dependent

- 7 -                    NOTICE OF REMOVAL OF CIVIL ACTION

on analysis of the CBA." *Id.* at 1153. If claims are dependent on interpretation of the CBA, then the claim is preempted by Section 301. *Id.* Accordingly, Section 301 wholly preempts any and all purported state-law causes of action by an employee concerning a dispute over his terms and conditions of employment, if the causes of action are "based directly on rights created by a collective bargaining agreement" or require the "interpretation of a collective bargaining agreement." *See, e.g.*, *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir. 2000).

20.     Plaintiff pleads a cause of action for the alleged failure to be reimbursed for necessary business expenses. Specifically, Plaintiff contends that "Defendants explicitly required assistant engineers to personally pay for tools and equipment for job performance" and "at all times relevant, Defendants operated under and continue to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to reimbursement for money spent to purchase tools at the direction of DISNEY." FAC ¶¶ 22-23. Accordingly, Plaintiff seeks to recover "unpaid reimbursement of business expenses in violation of Labor Code § 2802." *Id.*, Prayer for Relief, ¶ 4.

21.     Plaintiff's expense reimbursement claim is specifically addressed and governed by a "Side Letter of Agreement" between WDPR and the Union that is part of the CBA, whereby WDPR and the Union agreed to "a one-time reimbursement payment to eligible employees whose base rate of pay is less than two (2) times the California minimum wage and were required to provide personal tools in order to perform their job functions at the Employer worksite" (the "Side Letter"). *See* Sutherland Decl., Ex. 1 at pp. 56-59. The Side Letter specifically names Plaintiff as a beneficiary of this agreement and recipient of the tool reimbursement. *See id.* at p. 58, Appendix A. Further, WDPR and the Union

NOTICE OF REMOVAL OF CIVIL ACTION

agreed that if an eligible employee such as Plaintiff "paid more than five hundred dollars ($500.00) for personal tools that were required by the Employer to perform their job functions, they may submit documentation (i.e. receipts) for reimbursement of the costs in excess of five hundred dollars ($500.00) to the Employer designated representative." *See id.* at p. 56.

22.     In sum, the CBA specifically addresses the reimbursement of tools used by Assistant Maintenance Engineers and Maintenance Engineers, the premise of Plaintiff's first cause of action.  As a result, the right to reimbursement of the hand tools alleged in the FAC arises from, and will require the interpretation of, the CBA, and accordingly, Section 301 preemption applies.  *See, e.g.*, *Rodriguez v. Gonsalves & Santucci, Inc.*, No. 21-CV-07874-LB, 2022 WL 161892, at \*5 (Section 2802 claim preempted because the resolution thereof "turns on the analysis of the CBA and interpretation of its terms"); *Linebarger v. Graphic Packaging Int'l, LLC*, No. SACV2000309JVSJDEX, 2020 WL 1934958, \*6 (C.D. Cal. Apr. 22, 2020) (finding Section 301 preemption of cell phone expense reimbursement claim where CBA included language regarding the purchase of tools necessary to complete the work).

### C.     <u>This Court Should Exercise Supplemental Jurisdiction Over Plaintiff's Second Cause Of Action For Violation Of The UCL.</u>

23.     This Court has jurisdiction over Plaintiff's derivative state-law UCL claim pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. section 1367(a), as it is so related to the preempted first cause of action as to "form part of the same case or controversy under Article III of the U.S. Constitution." 28 U.S.C. § 1367(a).  Plaintiff's second cause of action arises from and is derivative of Plaintiff's claim that Defendants failed to reimburse him for the cost of his tools for work, and accordingly, forms part of the same case or controversy as the preempted

first cause of action for violation of section 2802 of the Labor Code. *See* FAC ¶ 27 ("Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*"); *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 859, 855 (9th Cir. 2004) (supplemental jurisdiction applies to state law claims derived from "a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding"); *Buck v. Cemex Inc.*, No. 1:13-CV-00701-LJO, 2013 WL 4648579, at *7 (E.D. Cal. Aug. 29, 2013) (plaintiff's additional claims for failure to provide accurate wage statements, failure to timely pay all final wages and unfair competition came within the supplemental jurisdiction of the Court "even if only tangentially involved with the CBA"). Moreover, considerations of judicial economy, convenience, and fairness to the litigants require that all of the alleged causes of action as to which Plaintiff seeks class certification be tried in one forum. *See Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) ("The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity.").

### D.   Plaintiff's Third Cause Of Action For Retaliation Is Preempted By The LMRA Because It Requires Interpretation Of The CBA.

24.   Plaintiff's third cause of action alleges a violation of California Labor Code section 1102.5 on the basis that he was retaliated against by being denied overtime and promotions. Courts have held that discrimination and retaliation claims are preempted by the LMRA when they cannot be resolved without interpreting the express and implied terms of a CBA. *See Bachilla v. Pacific Bell Tel. Co.*, 2007 U.S. Dist. LEXIS 71232, at *25-26 (E.D. Cal. Sept. 18, 2007); *see also Madison v. Motion Picture Set Painters & Sign Writers Local 729*, 132 F. Supp. 2d 1244, 1253 (C.D. Cal. 2000) (where proof of plaintiff's *prima facie* case

NOTICE OF REMOVAL OF CIVIL ACTION

for race discrimination under FEHA would require interpretation of the CBA and where defendant's articulated non-discriminatory reasons for the action it took would almost certainly require interpretation of the CBA, claim was preempted by the LMRA); *Audette v. International Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999) (holding that state law claims for alleged retaliation and discrimination were barred because they were preempted by the LMRA); *Wilkinson v. Safeway Stores, Inc.*, 879 F.2d 866 (9th Cir. 1989) (holding the plaintiff's state law claims preempted because "complaints about promotions, grievances, and performance evaluations all involve subjects covered by the collective bargaining agreement"); *Stallcop*, 820 F.2d 1044, 1048-49 (9th Cir. 1987) (claims for violation of state discrimination law and intentional infliction of emotional distress completely preempted by LMRA § 301, and properly removed because adjudication required interpretation of CBA).

25.     In *Bachilla*, the plaintiff alleged sex discrimination in violation of FEHA based on her employer's promotion of less senior male co-workers in violation of company policy to promote based on seniority.  2007 U.S. Dist. LEXIS 71232, at *23.  Resolution of the discrimination claim, the court held, was substantially dependent on an analysis of the CBA because the terms of plaintiffs' employment, including their eligibility for promotions, were governed by the CBA. *Id*. at *25-26.  The court further noted that the employer would undoubtedly assert that it complied with the procedures set forth in the CBA. *Id*. at 26.  Resolution of the state discrimination claims would turn on the defendant's offer of legitimate non-discriminatory reasons, which would require interpretation of the CBA. *Id*. Plaintiff's claim was "inextricably intertwined" with consideration of the terms of the CBA because the court would be required to interpret the seniority and transfer provisions of the CBA. *Id*.  The discrimination claims were therefore preempted by

- 11 -                    NOTICE OF REMOVAL OF CIVIL ACTION

the LMRA, removal was proper, and the federal court had jurisdiction to dismiss the complaint. *Id*. at \*26-27.

26.    Like the plaintiff in *Bachilla*, analysis of Plaintiff's retaliation claim may be substantially dependent on, and require interpretation of, the CBA. A discrimination or retaliation claim is preempted when the employer's justification is based on the CBA. Article 7 of the CBA establishes that seniority is a factor in scheduling and selections decisions. *See* Sutherland Decl., Ex. 1 at pp. 9-10. To the extent WDPR's offer of legitimate non-retaliatory reasons for any acts taken implicates the terms and conditions of the CBA, such as selecting Plaintiff for a job opening, the Court may be required to interpret the CBA to determine whether the employer acted in accordance with the CBA. Plaintiff's section 1102.5 claim is therefore preempted.

27.    Alternatively, this Court should exercise supplemental jurisdiction over the third cause of action for retaliation. It is well-established that when a court exercises proper original jurisdiction over a claim, as set forth above, it may exert "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Furthermore, the court has "wide latitude" to decide whether to retain supplemental jurisdiction over state law claims which are part of the same case or controversy "when the federal basis for an action drops away." *Shanaghan v. Cahill*, 58 F.3d 106, 109-10 (4th Cir. 1995). In deciding whether it can assert supplemental jurisdiction over state law claims, among the factors that the court will consider are "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id*. at 110.

NOTICE OF REMOVAL OF CIVIL ACTION

28.     Under § 1367(c), the Court may decline to exercise supplemental jurisdiction where claims raise novel or complex issues of state law, or where those state law issues "substantially predominate" over the claims for which the Court has original jurisdiction.  28 U.S.C. § 1367(c)(1) and (2).  Plaintiff's third cause of action does not raise novel or complex issues of state law, nor does it predominate over the expense reimbursement claim.  To the contrary, the expense reimbursement claim dominates this case.

29.     The courts have also made it clear that although the exercise of supplemental jurisdiction over state law claims is not automatic, it is the "favored and normal course of action."  *Promisel v. First Am. Artificial Flowers*, 943 F.2d 251, 254 (2d. Cir. 1991*); see Schroeder v. West*, 212 F.3d 1265, 1270 (Fed. Cir. 2000) ("The notions of efficiency of judicial economy and avoidance of 'piecemeal litigation' provide the basis for supplemental jurisdiction.").  "In cases where original jurisdiction is grounded upon a federal question, 28 U.S.C. § 1331, supplemental jurisdiction ordinarily attaches to the intervention without further ado."  *Chambers Med. Found. v. Chambers*, 236 F.R.D. 299, 302 (W.D. La. 2006).

30.     In this instance, Plaintiff's third cause of action for retaliation is intertwined with the first two causes of action, as the first two causes of action are premised upon an alleged failure to reimburse business expenses related to bringing his tools to work, and Plaintiff contends Defendants retaliated against him for engaging in protected activity by filing a complaint claiming an alleged failure to reimburse business expenses.  In addition, considerations of judicial economy and convenience support this Court retaining supplemental jurisdiction over the retaliation claim.  There are no exceptional circumstances that warrant piecemeal litigation of Plaintiff's claims in both federal and state court.

NOTICE OF REMOVAL OF CIVIL ACTION

31.   Accordingly, this Court has federal question jurisdiction over the entire action, and removal is proper.

**Venue**

32.   Venue is proper in this district pursuant to 28 U.S.C. section 1441(a) because the superior court where the removed case was pending is located within this district.

33.   In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that by written notice a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff and filed with the clerk of the Orange County Superior Court.  True and correct copies of the form of notices are attached hereto as Exhibits "F" and "G," respectively.  *See* Bertagna Decl. ¶ 8.  Therefore, all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

WHEREFORE, Defendants remove the above-entitled action from the Superior Court of the State of California for the County of Orange to this Court.

DATED:  January 27, 2025              PAUL HASTINGS LLP

By: _____
    BLAKE R. BERTAGNA

Attorneys for Defendants
WALT DISNEY PARKS AND RESORTS U.S., INC. and DISNEY WORLDWIDE SERVICES, INC.

LEGAL_US_W # 182329421.1

- 14 -                    NOTICE OF REMOVAL OF CIVIL ACTION

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the City of Irvine and County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 1920 Main Street, Suite 400, Irvine, CA 92614.

On January 27, 2025, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1331,1441, 1446, AND 1453 BY DEFENDANTS WALT DISNEY PARKS AND RESORTS U.S., INC. AND DISNEY WORLDWIDE SERVICES, INC.**

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Neama Rahmani, Esq.
Ronald L. Zambrano, Esq.
Ashley J. Garay, Esq.
WEST COAST TRIAL LAWYERS, APLC
1147 South Hope Street
Los Angeles, CA 90015

Telephone: (213) 927-3700
Facsimile:  (213) 927-3701
Email:
efilings@westcoattriallawyers.com
ron@westcoasttriallawyers.com
ashleyg@westcoasttriallawyers.com

Attorneys for Plaintiff *Isidro Cisneros Rea*

☒   **VIA ELECTRONIC SERVICE:**

By personally emailing the aforementioned document(s) in PDF format to the parties at the email address(es) set forth above on the same date.

☐   **VIA U.S. MAIL:**

I deposited such sealed envelope(s) with postage thereon fully prepaid, in the United States mail at Irvine, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 27, 2025, at Irvine, California.

*Winty Thoumaked*

Winty Thoumaked