# EXHIBIT "A"

Electronically Filed by Superior Court of California, County of Orange, 10/02/2024 08:53:12 PM.
30-2024-01430820-CU-OE-NJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By A. Wilcher, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
</table>

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
WALT DISNEY PARKS AND RESORTS US, INC., A Florida Corporation; DISNEY WORLDWIDE SERVICES INC., a Florida Corporation; and DOES 1 through 250

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
ISIDRO CISNEROS REA, as an Individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | North Justice Center<br>1275 North Berkeley Avenue<br>Fullerton, CA 92832 |

**CASE NUMBER:**
*(Número del Caso):* 30-2024-01430820-CU-OE-NJC

**Assigned for All Purposes**

Judge Donald F. Gaffney

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald L. Zambrano, Esq., 1147 S. Hope Street, Los Angeles CA 90015, 213-927-3700

| | | | |
|---|---|---|---|
| DATE: 10/02/2024<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | *Alexis Wilcher* A. Wilcher | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)* DAVID H. YAMASAKI, Clerk of the Court
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served


[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* DISNEY WORLDWIDE SERVICES INC., a Florida Corporation

   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [Print this form]    [Save this form]    [Clear this form]

Electronically Filed by Superior Court of California, County of Orange, 10/02/2024 08:53:12 PM.
30-2024-01430820-CU-OE-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By A. Wilcher, Deputy Clerk.

Neama Rahmani (State Bar No. 223819)
  *efilings@westcoasttriallawyers.com*
Ronald L. Zambrano (State Bar No. 255613)
  *ron@westcoasttriallawyers.com*
Ashley J. Garay (State Bar No. 31813)
  *ashleyg@westcoasttriallawyers.com*
WEST COAST TRIAL LAWYERS, APLC
1147 South Hope Street
Los Angeles, California 90015
Telephone: (213) 927-3700
Facsimile: (213) 927-3701

Attorneys for Plaintiff,
ISIDRO CISNEROS REA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

Assigned for All Purposes
Judge Donald F. Gaffney

| | |
|---|---|
| ISIDRO CISNEROS REA, as an Individual,<br><br>Plaintiff;<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS US, INC., A Florida Corporation; DISNEY WORLDWIDE SERVICES INC., a Florida Corporation; and DOES 1 through 250,<br><br>Defendants. | Case No.: 30-2024-01430820-CU-OE-NJC<br><br>**COMPLAINT FOR DAMAGES**<br><br>1) VIOLATION OF LABOR CODE §§ 1182.12, 1194, 1194.2, 1197 AND WAGE ORDER NO. 4-2001 § 9(B) (FAILURE TO PROVIDE MINIMUM WAGE);<br>2) VIOLATION OF LABOR CODE §§ 226.7, AND WAGE ORDER NO. 4 AND 5 (MEAL AND REST BREAKS);<br>3) VIOLATION OF LABOR CODE §§ 510, 1194 AND 1198 (UNPAID OVERTIME);<br>4) VIOLATION OF LABOR CODE § 226 (INACCURATE WAGE STATEMENTS);<br>5) VIOLATION OF LABOR CODE §§ 204, 218.5, AND 218.6 (WAITING TIME PENALTIES);<br>6) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, ET SEQ;<br>7) BREACH OF CONTRACT; AND<br>8) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ISIDRO CISNEROS REA, (who hereinafter shall be referred to as the "Plaintiff" or as "REA"), who hereby respectfully alleges, avers, and complains, as follows:

**INTRODUCTION**

1. This is an action brought by the Plaintiff, REA, pursuant to California statutory, decisional, and regulatory laws.  Plaintiff was an employee of Defendants WALT DISNEY PARKS AND RESORTS US, INC, and DISNEY WORLDWIDE SERVICES, INC. (hereinafter collectively referred to as "DISNEY" or "DEFENDANT EMPLOYER") at all times herein mentioned.

2. Plaintiff alleges that California statutory, decisional, and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law, and regulations.

**JURISDICTION AND VENUE**

3. Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Orange County Superior Court Rules.

4. Venue in this Court is proper because this is where Plaintiff is employed as an Assistant Maintenance Engineer, and this is where the wrongful misconduct alleged herein occurred. Defendants operate a theme park and hotel, employ hourly employees, conduct business, and commit Labor Code violations in Orange County, and each Defendant is within the jurisdiction of this Court for serve of process purposes.

//
//
//

COMPLAINT AND DEMAND FOR JURY TRIAL

2

**PARTIES**

5. At all times herein mentioned, Plaintiff REA is and has been a resident of the State of California.

6. Defendant WALT DISNEY PARKS AND RESORTS US, INC, and DISNEY WORLDWIDE SERVICES, INC. (hereinafter collectively referred to as "DISNEY" or "DEFENDANT EMPLOYER") is, and at all times herein mentioned, was a Florida corporation that is engaged in the ownership and operation of hotels in Orange County with the capacity to sue and to be sued, and doing business, with the same principal place of business located at 1150 Magic Way, Anaheim, California 92802.

7. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within and outside the scope and purpose of said agency and employment. Plaintiff further alleges that as to each Defendant, whether named, or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

8. The true names and capacities of the Defendants named herein as DOES 1 through 10, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

//
//
//
//

COMPLAINT AND DEMAND FOR JURY TRIAL

3

## FACTUAL ALLEGATIONS

9.   On or around May 18, 2019, Plaintiff REA became employed with Defendants DISNEY as an assistant engineer.

10. Upon Plaintiff's employment, Defendant DISNEY provided Plaintiff with a list of tools and equipment he required to purchase for his position.

11. Defendant DISNEY required Plaintiff to personally pay for the tools and equipment for job performance. Accordingly, Plaintiff purchased the tools required by Defendant.

12. On or around February 2023, Plaintiff was informed that the housekeeping employees at DISNEY were receiving higher wages than assistant engineers.

13. Subsequently, Plaintiff and his coworkers complained to their Union representative about their low wages and DISNEY's requirement for employees to bring or purchase their own work tools and equipment for job performance.

14. At the time Plaintiff REA agreed to work and be employed by Defendant DISNEY, Plaintiff understood that Defendant DISNEY agreed to follow all applicable laws touching on the terms and conditions of his employment under California's jurisdiction, including but not limited to, applicable Wage Orders and the Labor Code.

15. DISNEY agreed to either supply all hand tools for Plaintiff to perform their job duties for DISNEY, or for DISNEY to pay Plaintiff twice the minimum wage pursuant to applicable Wage Orders.

//

//

COMPLAINT AND DEMAND FOR JURY TRIAL

4

16. On or around August 2023, Plaintiff and his coworker Charlie Torres (hereinafter referred to as "Torres") attended a meeting with managers and the head of HR at DISNEY to negotiate on behalf of the Defendant's employees. During the meeting, Plaintiff was informed that employees would be receiving five hundred dollars ($500) tax free to cover what they had spent on tools and equipment. Plaintiff in response stated that the amount offered was not enough to cover the expenses incurred by the employees. Defendants responded that receipts of all purchased tools must be provided if employees wanted proper reimbursements.

17. On or around September 2023, following the negotiations in August, Plaintiff along with other assistant engineers received a salary raise and a backpack filled with tools and equipment.

18. Plaintiff and other employees were asked to sign a document stating that the tools provided with company property.

19. Throughout his employment with Defendant DISNEY. Plaintiff applied for higher positions but was told that he needed to go back to school while less experienced employees were promoted to higher positions at DISNEY. Specifically, employees from the house keeping department have been promoted to higher position in Plaintiff's department.

20. During the entirety of his employment with Defendants, Plaintiff was not paid the correct rate for all the overtime hours he worked on those periods as the regular rate was not the required double-minimum wage.

21. During the entirety of his employment with Defendants, Plaintiff was paid on an hourly basis. Plaintiff was not compensation for his missed meal or rest periods at the correct hourly rate of double minimum wage.

22. During the entirety of his employment with Defendants, Plaintiff was not provided with an

accurate wage statement because he was compensated at the correct hourly rate.

23. To date, Defendant DISNEY has not paid Plaintiff all their wages due and payable to Plaintiff.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 1182.12, 1194, 1194.2, 1197 and**

**Wage Order No. 4-2001 § 9 (B)**

**(Failure to Pay Required Double Minimum Wage)**

**(Plaintiff REA and Against Defendant DISNEY and Does 1-250)**

24. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

25. Pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and 1197, it is unlawful for a California employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable Industrial Welfare Commission ("IWC") Wage Order.

26. Wage Order No. 4-2001 § 9(B) requires that "when tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

27. During all times relevant, Plaintiff was not paid double the minimum wages for all hours suffered or permitted to work in violation of the minimum wage provisions of California Labor Code §§ §§ 1182.12, 1194, 1194.2, and 1197 and IWC Wage Order Nos. 4 (9B), 5-1998, 5-2000, and 5-2001.

//

//

COMPLAINT AND DEMAND FOR JURY TRIAL

6

28. Defendants explicitly required assistant engineers to personally pay for tools and equipment for job performance. Defendants have intentionally failed and refused, and continue to fail and refuse, to pay Plaintiff REA double the minimum wages for all earned work.

29. Therefore, at all times relevant, Defendants operated under and continue to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay double the minimum compensation at the rates required by the California Law.

30. Labor Code § 1194.2, subdivision (a) provides that, in an action to recover wages because of the payment of a wage less than the double the minimum wage fixed by IWC Wage Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

31. Plaintiff should have received double the minimum wages in a sum according to proof during all times relevant to this action.

32. Defendant DISNEY has knowingly and intentionally failed to comply with these provisions on each and every wage statement that should have been provided to Plaintiff.

33. Plaintiff REA requests the recovery of the unpaid break premiums, waiting time penalties, liquidated damages. interest, attorneys' fees, and costs in an amount to be determined at trial.

//
//
//
//
//
//
//

COMPLAINT AND DEMAND FOR JURY TRIAL

7

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7, IWC Wage Order No. 4 and 5; Cal. Code Regs., Title 8 § 11050**

**(Failure to Provide Rest Periods and Compensation In-Lieu of Accurate Wages)**

**(Plaintiff REA and Against Defendant DISNEY and Does 1-250)**

34. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

35. By their failure to provide rest periods for every four hours or major fraction thereof worked per day to non-exempt employees and failing to provide compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and IWC Wage Order Nos. 5-1998, 5-2000, and 5-2001. Plaintiff did not willfully waive through mutual consent with Defendants rest or meal periods.

36. As a result of the unlawful acts of DISNEY, Plaintiff has been deprived of premium wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226, 226.7, and IWC Wage Orders.

37. Sections 226 subdivision (a), and 1174 of the California Labor Code and IWC Wage Order No. 5 require Defendants to itemize in wage statements and to accurately report total hours worked by Plaintiff.

38. At all times relevant herein, IWC Wage Order No. 4 § 9 requires that "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

39. Plaintiff REA should have received double the double the minimum wages in a sum according to proof during all times relevant to this action.

40. DISNEY has knowingly and intentionally violated provisions by persistently paying assistant engineers below double the minimum wage and denying appropriate rates for on-duty break premiums on every wage statement owed to the Plaintiff.

41. Plaintiff REA requests the recovery of the unpaid break premiums, waiting time penalties, liquidated damages. interest, attorneys' fees, and costs in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**Violation of California Labor Code §§ 510, 1194 & 1198**

**(Unpaid Overtime)**

**(Plaintiff REA and Against Defendant DISNEY and Does 1-250)**

42. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

43. California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or 40 hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

44. California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful. The governing Wage Order of the Industrial Welfare Commission requires, among other things, payment of a premium wage rate for all hours worked in excess of 8 hours per day or 40 hours per week.

COMPLAINT AND DEMAND FOR JURY TRIAL

9

45. Defendant DISNEY failed to compensate Plaintiff for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by the Labor Code §§ 510 and 1194. Specifically, Plaintiff was not paid the overtime rate for applicable overtime hours worked.

46. At all times relevant, DISNEY has also operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay overtime compensation at the rates required by Labor Code § 510.

47. Plaintiff is informed and believes and based thereon allege that during all times relevant, DISNEY failed to comply with Labor Code § 510 and 1198 by virtue of DISNEY's unlawful failure to pay additional, premium rate of compensation to Plaintiff for his overtime hours worked, Plaintiff suffered and will continue to suffer.

48. By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to Plaintiff for overtime hours worked, Plaintiff suffered, and will continue to suffer, damages in amounts which are presently unknown to her and which will be ascertained according to proof at trial.

49. Plaintiff requests recovery of overtime compensation according to proof, interest, attorney's fees, and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes. Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 1194.

//
//
//
//
//

**FOURTH CAUSE OF ACTION**

**Violation of Labor Code § 226**

**(Failure to Provide Accurate Wage Statements)**

**(Plaintiff REA and Against Defendant DISNEY and Does 1-250)**

50. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

51. At all material times set forth herein, California Labor Code § 226 subdivision (a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

52. Plaintiff alleges that, on numerous occasions, an exact amount by which will be proven at trial, Defendants violated various provisions of § 226, including but not limited to subdivisions (a)(1), (a)(2), (a)(4), (a)(5), (a)(6), (a)(7), (a)(8), and (a)(9) by failing to provide Plaintiff with accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

//

53. For DISNEY's misconduct as alleged in this Complaint, Plaintiff seeks damages, penalties, costs and attorneys' fees pursuant to Labor Code § 226 subdivision (e) in an amount to be proven at trial.

54. Defendants intentionally and willfully failed to provide Plaintiff with accurate wage statements.

55. As a result of the unlawful acts of DISNEY, Plaintiff REA seeks injunctive relief and attorneys' fees and costs pursuant to § 226 subdivision (g) in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code §§ 204, 218.5, and 218.6

### (Plaintiff REA and Against Defendant DISNEY and Does 1-250)

56. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

57. Pursuant to Labor Code § 204, "all wages ... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

58. Pursuant to Labor Code §§ 218.5 and 218.6, an action may be brought for the nonpayment of wages and fringe benefits.

59. Plaintiff was not properly paid pursuant to the requirements of Labor Code § 204 and thereby seek the unpaid wages. To date, Defendant DISNEY has not paid Plaintiff all earned wages.

//

//

//

COMPLAINT AND DEMAND FOR JURY TRIAL

12

60. Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff's wages pursuant to the requirements of Labor Code § 204, after Plaintiff's demand, and therefore Plaintiff is entitled the associated unpaid wages and waiting time penalties. Plaintiff is informed and believes and based thereon alleges that Defendants did this with the intent to secure for himself a discount on their indebtedness and/or with intent to annoy harass, oppress, hinder, delay and/or defraud Plaintiff.

61. Plaintiff has been deprived of his rightfully earned wages as a direct and proximate result of DISNEY's failure and refusal to pay legally sufficient compensation and for the reasons alleged in this Complaint.

62. As a result of the unlawful acts of DISNEY, Plaintiff REA requests the unpaid wages, waiting time penalties, interest, attorneys' fees, costs, damages, and other remedies in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, et seq.

### (Plaintiff REA and Against Defendant DISNEY and Does 1-250)

63. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

64. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, et seq.

65. A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, California Labor Code and Industrial Welfare Commission Wage Orders,

COMPLAINT AND DEMAND FOR JURY TRIAL

13

are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

66.   Defendant DISNEY's policy or practice of not paying Plaintiff double the minimum wages and overtime compensation violated Labor Code §§ 2699 et. seq. and Wage Order No. 4-2001 § 9(B);

67.   Defendant DISNEY violated Labor Code §§226.7 and Wage Order No. 4-5 for not paying Plaintiff meal premiums for on-duty breaks accurately;

68.   Defendant DISNEY violated Labor Code §§ 510, 1194, and 1198 by not providing accurate wage statements reflecting all overtime earned and on-duty break premiums;

69.   Defendant DISNEY violated Labor Code §§ 226 by not paying Plaintiff's overtime wages owed;

70.   Defendant DISNEY violated Labor Code §204 by not timely paying Plaintiff who was an hourly employee all of his wages.

71.   The practices described above were unfair within the meaning of Cal. Bus. & Prof. Code § 17200, et seq., because the acts were intentionally performed to harm Plaintiff.

72. Plaintiff is informed and believes, and based thereon alleges, that the unlawful, unfair and fraudulent business practices described above present a continuing threat to members of the public because it is believed that DISNEY continue to operate in the illegal manner as alleged above.

73. Further, such skirting of the California labor laws presents a threat to the general public in that the enforcement of the labor laws is essential to ensure that all California employers compete equally, and that no California employer receives an unfair competitive advantage at the expense of its employees.

74. As a result of the above-alleged misconduct, Plaintiff has been deprived of lawful wages to which he was entitled to and Plaintiff has suffered damages, in an amount to be determined according to proof at trial.

75. The unfair, fraudulent, and unlawful business practices of DISNEY are likely to continue because DISNEY appear to have a pattern and practice of committing the same type of misconduct as alleged herein; therefore, the imposition of a preliminary injunction is justified.

76. As a direct and proximate result of the above-alleged misconduct, Plaintiff is entitled to and hereby seeks injunctive relief and restitution for, among other things, back pay, and other lost benefits in an amount to be proven at trial for the last four years from the date this Complaint was filed.

77. As a direct and proximate result of the aforesaid acts and conduct of DISNEY, Plaintiff is entitled to seeks attorney fees as permitted by law and as provided for by §1021.5 of the California Code of Civil Procedure.

**SEVENTH CAUSE OF ACTION**

**(Breach of Contract)**

**(Plaintiff REA and Against Defendant DISNEY and Does 1-250)**

78.    Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

COMPLAINT AND DEMAND FOR JURY TRIAL

15

79. On or around May 18, 2019, Plaintiff REA became employed with Defendant DISNEY as an assistant engineer.

80. At the time Plaintiff REA agreed to work and be employed by Defendant DISNEY, Plaintiff understood that Defendant DISNEY agreed to follow all applicable laws touching on the terms and conditions of his employment under California's jurisdiction, including but not limited to, applicable Wage Orders and the Labor Code.

81. DISNEY agreed to either supply all hand tools for Plaintiff to perform their job duties for DISNEY, or for DISNEY to pay Plaintiff twice the minimum wage pursuant to applicable Wage Orders.

82. However, DISNEY breached the agreement with Plaintiff by requiring them to bring his own hand tools, when DISNEY did not pay at least double the minimum wage to Plaintiff who was entitled to same under DISNEY's agreement for being required to bring his own hand tools.

83. To date, Plaintiff has not received the promised double-the-minimum wage for bringing his own hand tools to perform his job.

84. Plaintiff is informed and believes he performed his part of the agreement by purchases and bringing his own hand tools to perform his job duties as an employee for DISNEY.

85. DISNEY did not have an excuse from fulfilling its obligations per the agreement, and therefore were in material breach of the same when they failed to perform.

86. The actual and proximate result of the breach by Defendant has led to Plaintiff's harm, who has suffered damages, including but not limited to, unpaid compensation, in an amount

according to proof.

## EIGHTH CAUSE OF ACTION

**(Breach of the Covenant of Good Faith and Fair Dealing)**

**(Plaintiff REA and Against Defendant DISNEY and Does 1-250)**

87. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

88. California law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of California.

89. On or around May 18, 2019, Plaintiff REA became employed with Defendant DISNEY as an assistant engineer.

90. At the time Plaintiff REA agreed to work and be employed by Defendant DISNEY, Plaintiff understood that Defendant DISNEY agreed to follow all applicable laws touching on the terms and conditions of his employment under California's jurisdiction, including but not limited to, applicable Wage Orders and the Labor Code.

91. DISNEY agreed to either supply all hand tools for Plaintiff to perform their job duties for DISNEY, or for DISNEY to pay Plaintiff twice the minimum wage pursuant to applicable Wage Orders.

92. However, DISNEY breached the agreement with Plaintiff by requiring them to bring his own hand tools, when DISNEY did not pay at least double the minimum wage to Plaintiff who was entitled to same under DISNEY's agreement for being required to bring his own hand tools.

//

COMPLAINT AND DEMAND FOR JURY TRIAL

17

93. To date, Plaintiff has not received the promised double-the-minimum wage for bringing his own hand tools to perform his job.

94. Plaintiff is informed and believes he performed his part of the agreement by purchases and bringing his own hand tools to perform his job duties as an employee for DISNEY.

95. DISNEY did not have an excuse from fulfilling its obligations per the agreement, and therefore were in material breach of the same when they failed to perform.

96. DISNEY's actions as described above in violation of the implied covenant of good faith and fair dealing has caused Plaintiff harm and has caused Plaintiff to suffer damages in an amount according to proof.

## PRAYER

1. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

2. For damages according to proof, including loss of earnings, deferred compensation, and other employment benefits;

3. For general damages, according to proof;

4. For other special damages according to proof;

5. For prejudgment interest on lost wages and benefits;

6. For statutory penalties pursuit to California Labor Code §§ 226(e);

7. For restitution of unpaid wages to Plaintiff and prejudgment interest from the day such amount was due and payable;

8. For injunctive relief pursuit to California Business & Professions Code §§ 17200, et seq .;

9. For interest on the amount of unpaid wages, and other employee benefits at the prevailing legal rate;

10. For punitive damages; and

11. For each such other and further relief as the court deems just and proper.

Dated:  October 2, 2024                    WEST COAST TRIAL LAWYERS, APLC

By: _____
      Ronald L. Zambrano, Esq.
      Attorney for Plaintiff,
      ISIDRO CISENROS REA

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Dated:  October 2, 2024                    WEST COAST TRIAL LAWYERS, APLC

By: _____
      Ronald L. Zambrano, Esq.
      Attorney for Plaintiff,
      ISIDRO CISENROS REA

Electronically Filed by Superior Court of California, County of Orange, 10/02/2024 08:53:12 PM.
30-2024-01430820-CU-OE-NJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By A. Wilcher, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ronald L. Zambrano (State Bar No. 255613); Ashley J. Garay (State Bar No. 31813) WEST COAST TRIAL LAWYERS, APLC, 1147 S. Hope Street, Los Angeles CA 90015 TELEPHONE NO.: (213) 927-3700    FAX NO.: (213) 927-3701 EMAIL ADDRESS: efilings@westcoasttriallawyers.com ATTORNEY FOR *(Name):* Plaintiff, ISIDRO CISNEROS REA | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS:  North Justice Center
MAILING ADDRESS:  1275 North Berkeley Avenue
CITY AND ZIP CODE:  Fullerton, CA 92832
BRANCH NAME:

CASE NAME:
ISIDRO CISNEROS REA v. WALT DISNEY PARKS AND RESORTS US, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2024-01430820-CU-OE-NJC |
|---|---|---|
| [x] Unlimited  [ ] Limited (Amount demanded exceeds $35,000) (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Assigned for All Purposes DEPT.: Judge Donald F. Gaffney |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is  [x] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 10/02/2024
Ronald L. Zambrano, Esq.
_____        ►_____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2024] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

---

CM-010 [Rev. January 1, 2024]                   **CIVIL CASE COVER SHEET**                                  Page 2 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.          **Print this form**    **Save this form**              **Clear this form**



# Notice of Service of Process

null / ALL
**Transmittal Number: 30085090**
**Date Processed: 10/17/2024**

| | |
|---|---|
| **Primary Contact:** | Tami Fortier-Gomez<br>The Walt Disney Company<br>500 S Buena Vista St<br>Burbank, CA 91521-0105 |
| **Electronic copy provided to:** | Julia Valino<br>Jana Bassett |

| | |
|---|---|
| **Entity:** | Disney Worldwide Services, Inc.<br>Entity ID Number  2423444 |
| **Entity Served:** | Disney Worldwide Services Inc. |
| **Title of Action:** | Isidro Cisneros Rea vs. Walt Disney Parks and Resorts Us, Inc. |
| **Matter Name/ID:** | Isidro Cisneros Rea vs. Walt Disney Parks and Resorts Us, Inc. (16390553) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court/Agency:** | Orange County Superior Court, CA |
| **Case/Reference No:** | 30-2024-01430820-CU-OE-NJC |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/16/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | West Coast Trial Lawyers, APLC<br>213-927-3700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com